NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEXON KOREA CORPORATION, a
Korean Corporation,

Plaintiff-Appellant,

v.

IRONMACE CO. LTD., a Korean
corporation; et al.,

Defendants-Appellees.

No. 23-35600

D.C. No. 2:23-cv-00576-TL

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Tana Lin, District Judge, Presiding

Argued and Submitted July 8, 2024
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Nexon Korea Corporation ("Nexon") appeals the district court's dismissal of

this case on forum non conveniens grounds. Nexon sued Ironmace and two of

Nexon's former employees, Terence Seunghua Park and Ju-Hyun Choi, for

copyright infringement and trade secret misappropriation. According to the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

complaint, after leaving Nexon, the defendants produced and distributed a video game that infringes on Nexon's copyrights.

Before Nexon filed this lawsuit, Ironmace began testing the video game on a game testing platform owned by Valve, a company headquartered in the Western District of Washington. Nexon sent Valve a takedown notice pursuant to 17 U.S.C. § 512(c), alleging that the game infringed on its copyrights. Valve removed the game from its platform. Three weeks later, Nexon sued Ironmace, Park, and Choi in the Western District of Washington. Less than a week later, Ironmace issued a counter notification pursuant to 17 U.S.C. § 512(g), asserting that Valve improperly removed the game from its platform. As required by the statute, Ironmace consented to jurisdiction in the Western District of Washington.

Ironmace moved to dismiss the case on forum non conveniens grounds. The district court granted the motion. In relevant part, it concluded that the notice and takedown procedures in 17 U.S.C. § 512 do not categorically preclude forum non conveniens. Nexon timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review a dismissal for forum non conveniens for "clear abuse of discretion." *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 693–94 (9th Cir. 2009) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)). We affirm.

Generally, a defendant may move to dismiss based on forum non conveniens

2

in lawsuits for copyright infringement. *See Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 700–01 (9th Cir. 1995). Nexon argues that Ironmace is precluded from asserting forum non conveniens because Ironmace filed a counter notification pursuant to the notice and takedown procedures under 17 U.S.C. § 512. According to Nexon, Ironmace's consent to jurisdiction in the Western District of Washington mandated venue in that district, displacing the doctrine of forum non conveniens entirely. But the language and purpose of the notice and takedown statute do not support Nexon's position.

The statute requires only that a subscriber consent to personal jurisdiction, not venue. 17 U.S.C. § 512(g)(3)(D) (stating that a proper counter notification must include "a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district . . . in which the service provider may be found"). When interpreting a statute, we typically rely on the ordinary meaning of the words, *Leocal v. Ashcroft*, 543 U.S. 1, 8–9 (2004), and we presume that Congress "legislated against the background of our traditional legal concepts," *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 437 (1978). Here, the plain text of the statute speaks only to jurisdiction, which is a distinct concept from venue. *SEC v. Ross*, 504 F.3d 1130, 1140 n.11 (9th Cir. 2007) ("[T]he question of whether the court can exercise personal jurisdiction over a party is distinct from the question of whether venue will properly lie in the court exercising jurisdiction.").

3

Nexon argues that despite the plain jurisdictional language, we should infer that Congress intended this language to operate as a consent to venue. But Congress is capable of enacting venue statutes. *See, e.g.*, 15 U.S.C. § 22; 47 U.S.C. § 33. And nothing in the text or history of § 512 suggests that Congress inadvertently used "jurisdiction" when it meant "venue." *See Panama R.R. Co. v. Johnson*, 264 U.S. 375, 385 (1924). We thus conclude that the statute means what it says: by submitting a counter notification, a subscriber consents only to personal jurisdiction. That consent to jurisdiction does nothing to disrupt the venue-related rule that a defendant in a copyright infringement suit can move to dismiss based on forum non conveniens. *Creative Tech., Ltd.*, 61 F.3d at 700–01.

Because a subscriber consents only to personal jurisdiction, Nexon cannot show that the statute is analogous to the Federal Employers' Liability Act or the Jones Act, which both categorically preclude forum non conveniens. *See Balt. & Ohio R.R. Co. v. Kepner*, 314 U.S. 44, 49–50 (1941); *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1486–87 (9th Cir. 1987), *amended by* 861 F.2d 565 (9th Cir. 1988). Those statutes supply special venue provisions that mandate venue in the plaintiff's chosen forum. Because no similar special venue provision exists here, forum non conveniens was a permissible ground for dismissal. The district court did not clearly abuse its discretion by granting the motion to dismiss.

**AFFIRMED.**

4